IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BENJAMIN TURNER,

v.                                  Civil Case No. CCB-17-2882

COMMISSIONER, SOCIAL SECURITY
ADMINISTRATION,

* * * * * * * * * * * * *

## REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014–01, the above-captioned case has been referred to me to review the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). [ECF No. 4]. Plaintiff Benjamin Turner ("Mr. Turner") filed this appeal of the denial of his claims for disability benefits by the Social Security Administration ("the Commissioner"). [ECF No. 1]. The Commissioner has filed a Motion to Dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), on the grounds that Mr. Turner failed to state a claim upon which relief can be granted. [ECF No. 14]. On December 20, 2017, the Clerk's Office sent a Rule 12/56 letter to Mr. Turner, advising him of the potential consequences of a failure to oppose the Commissioner's Motion. [ECF No. 15]. Mr. Turner has not filed a response. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons stated below, I recommend that the Court grant the Commissioner's Motion to Dismiss.

**I.   BACKGROUND**

On October 15, 2012, and October 16, 2012, Mr. Turner protectively filed for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). [ECF No. 14-2, Exs. 1,

2]. His claims were denied initially and on reconsideration. *Id.* ¶ 3(a). An Administrative Law Judge ("ALJ") held a hearing on August 31, 2013, and issued an unfavorable decision on May 8, 2015. *Id.* ¶¶ 3(a)-(b). The Appeals Council denied Mr. Turner's request for further review, so the ALJ's May 8, 2015 decision constituted the final, reviewable decision of the Agency. *Id.* ¶ 3(b).

On October 13, 2016, Mr. Turner filed a civil action, requesting review of the Commissioner's unfavorable decision, in the United States District Court for the District of Maryland. *Id.* ¶ 3(c); *see also Turner v. Colvin*, Civil No. ADC-16-3432, 2017 WL 3446767 (D. Md. Aug. 10, 2017). The district court denied Mr. Turner's motion for summary judgment and affirmed the Commissioner's decision on August 10, 2017. *Turner*, 2017 WL 3446767, at *1. On September 28, 2017, and October 20, 2017, Mr. Turner filed second and third civil actions in the United States District Court for the District of Maryland. [ECF Nos. 1, 6]. In his complaints, Mr. Turner stated that the date of the Commissioner's final decision is August 10, 2017. *Id.* The Commissioner, however, has not rendered a final decision on Mr. Turner's Social Security claims since its May 8, 2015 decision, which was affirmed by the district court on August 10, 2017. *See* [ECF No. 14-2, ¶¶ 3(a)-(c)]; *Turner*, 2017 WL 3446767, at *1.

## II. STANDARD OF REVIEW

Motions to dismiss for lack of subject matter jurisdiction are governed by Rule 12(b)(1) of the Federal Rules of Civil Procedure. While the plaintiff bears the burden of proving that the court has jurisdiction over the claim or controversy at issue, a 12(b)(1) motion should only be granted if the "material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Ferdinand-Davenport v. Children's Guild*, 742 F. Supp. 2d 772, 777 (D. Md. 2010) (quoting *Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642,

647 (4th Cir. 1999)). In a motion to dismiss for lack of subject matter jurisdiction, the pleadings should be regarded as "mere evidence on the issue," and courts may "consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Evans*, 166 F.3d at 647 (quoting *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)).

## III. DISCUSSION

The Commissioner contends that this Court does not have jurisdiction over Mr. Turner's claim, because Mr. Turner does not seek review of a final decision of the Commissioner and, therefore, has failed to state a claim upon which relief can be granted. *See* [ECF No. 14, at 2-4]. Specifically, the Commissioner notes that her final decision regarding Mr. Turner's claims for benefits was issued on May 8, 2015, and that the Commissioner's final decision was already affirmed by the district court on August 10, 2017. *Id.* at 3.

Section 405(g) of the SSA, the statute on which the Commissioner bases her motion, provides, in relevant part:

> Any individual, after *any final decision of the Commissioner of Social Security* made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g) (emphasis added). Section 405(h) of the SSA further provides that "[n]o findings of fact or decision of the Commissioner [] shall be reviewed by any person, tribunal, or government agency except as herein provided." *Id.* § 405(h). Thus, section 405(g) "is the sole avenue for judicial review of all claim[s] arising under" the SSA. *Heckler v. Ringer*, 466 U.S. 602, 602 (1984).

Because Mr. Turner does not seek review of any final decision of the Commissioner, there is no viable basis for subject matter jurisdiction in this matter. As the Commissioner correctly observes in her Motion to Dismiss, Mr. Turner received the Commissioner's final decision regarding his claims for benefits on May 8, 2015, [ECF No. 14-2, Ex. 8], and subsequently sought review of that decision with the district court in October, 2016, *id.* ¶ 3(c). Pursuant to 42 U.S.C. § 405(g), the district court issued an order affirming the Commissioner's final decision, and closed the case on August 10, 2017. [ECF No. 11]. It appears that Mr. Turner now seeks review of the district court's August 10, 2017 decision. *See* [ECF Nos. 1, 6]. This Court, however, is not permitted to review the district court's August 10, 2017 decision, or to readjudicate Mr. Turner's challenge to the Commissioner's May 8, 2015 decision. *See* 42 U.S.C. § 405(g); *see also Andrews v. Daw*, 201 F.3d 521, 524-25 (4th Cir. 2000) ("Under the doctrine of res judicata, 'a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.'") (quoting *Montana v. United States*, 440 U.S. 147, 153 (1979)). Accordingly, because this Court lacks subject matter jurisdiction to consider Mr. Turner's appeal, I recommend that the Commissioner's Motion to Dismiss be granted.

## IV. CONCLUSION

For the reasons set forth above, I respectfully recommend that:

1. the Court GRANT Defendant's Motion to Dismiss, [ECF No. 14]; and

2. the Court CLOSE this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report, and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated: January 22, 2018                                     /s/
                                                            Stephanie A. Gallagher
                                                            United States Magistrate Judge